## In re EVERGREEN VALLEY PROJECT LITIGATION.
### No. 122.

Judicial Panel on Multidistrict Litigation.
Nov. 6, 1973.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD *, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

This litigation involves the financing for the construction of a resort complex in the State of Maine and consists of three actions in the District of Massachusetts and one action in the Southern District of New York. The corporation developing the complex issued through its underwriter two classes of municipal bonds, designated Series A and Series B, which were secured by similar collateral. When the resort project faltered and construction stopped, the bonds became in default as a result of failure to pay interest. Purchasers of the bonds have sued the issuing development corporation, the bond rating company and the bond underwriter and its alleged successors for securities laws violations and fraudulent misrepresentations in the bond offering prospectus.

The underwriter of the bonds, a common defendant in all four actions, moves the Panel, pursuant to 28 U.S.C. § 1407, for transfer of the action filed in New York on behalf of all Series B bondholders to the District of Massachusetts for pretrial proceedings with the three actions brought by the Series A bondholders.[1] We find that these actions involve common questions of fact and that transfer of the New York action to Massachusetts for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The bond rating corporation, a defendant in only one of the Massachusetts actions, and plaintiffs in the New York action oppose transfer on the ground that the Series A and Series B bonds are substantially different in nature and legal effect and that, therefore, the actions involve only limited common questions of fact. They also argue that since the class allegations in the New York and Massachusetts actions are different, there is no possibility of inconsistent class determinations absent transfer.

---

* Although Judge Weinfeld was not present at the hearing, he has, with the consent of all parties, participated in this decision.

1. Three additional actions filed in the District of Maine were originally part of this litigation, but were dismissed prior to hearing before the Panel.

Although we agree that there is little likelihood for conflicting class determinations absent transfer, we find that there are sufficient common questions of fact between the lawsuits brought by Series A and Series B bondholders to warrant transfer of these actions under Section 1407 to a single district for coordinated or consolidated pretrial proceedings. Common to both types of actions are questions concerning alleged misrepresentations in the same offering prospectus which will clearly involve discovery of many of the same documents and witnesses. In addition, the New York and Massachusetts actions raise a common issue as to whether certain of the named defendants are successors to the bond underwriter and therefore legally responsible for any liabilities which may result. Transfer will eliminate the possibility of duplicative discovery and inconsistent determinations with respect to this issue.

The District of Massachusetts is the most appropriate transferee forum for this litigation. The vast majority of the parties are already present in that district. In addition, the three Massachusetts actions have been assigned to Judge Frank J. Murray, who is already familiar with the parties and the underlying transactions.

 Finally, one of the plaintiffs in Massachusetts argues that his individual action arising out of purchases of Series A bonds is ready for trial and that inclusion of his action in the coordinated or consolidated pretrial proceedings would delay the expeditious handling of his case. The transferee judge, however, is in the best position to make that determination. If the action is indeed ready for trial, the transferee judge may proceed to set it for trial without hindering the just and efficient conduct of any of the other actions.

It is therefore ordered that the actions listed on the attached Schedule A be, and the same hereby are, transferred to the District of Massachusetts and, with the consent of that court, are assigned to the Honorable Frank J. Murray for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

## SCHEDULE A

### Southern District of New York

| | |
|---|---|
| Louis Lenzer, et al. v. Glore Forgan, Wm. R. Staats, Inc., et al. | Civil Action No. 72 Civ. 2911 |

### District of Massachusetts

| | |
|---|---|
| Edward M. Sharzer, et al. v. The Development Corp. for Evergreen Valley, et al. | Civil Action No. 72–752 |
| Edward N. Block, et al. v. Glore Staats Corp., et al. | Civil Action No. 71–3930 |
| Edward M. Block, et al. v. F. I. duPont, Glore Forgan & Co., et al. | Civil Action No. 72–301 |