**In re EVERGREEN VALLEY
PROJECT LITIGATION.**

*Louis Lenzer, et al. v. Glore Forgan, et al.*, D. Massachusetts, Civil Action
No. 74–2641–M

**No. 122.**

Judicial Panel on Multidistrict Litigation.

Aug. 15, 1977.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, ANDREW A. CAFFREY and ROY W. HARPER*, Judges of the Panel.

PER CURIAM.

On November 6, 1973, pursuant to 28 U.S.C. § 1407, the Panel transferred an action (*Lenzer*) from the Southern District of New York to the District of Massachusetts for coordinated or consolidated pretrial proceedings with three actions pending there. *In re Evergreen Valley Project Litigation*, 366 F.Supp. 510 (Jud.Pan.Mult.Lit. 1973). These actions are currently assigned to the Honorable Hugh H. Bownes of the District of New Hampshire, sitting in the District of Massachusetts by designation pursuant to 28 U.S.C. § 292(b).

This litigation involves the financing for the construction of a resort complex in the State of Maine. The corporation developing the complex issued two classes of municipal bonds, Series A and Series B, which were secured by similar collateral. The resort projected faltered, construction stopped, and the bonds went into default. *Lenzer* was brought as a class action on behalf of purchasers of Series B bonds, whereas the other three actions were brought by or on behalf of purchasers of Series A bonds. Defendants in the four actions are the issuing development corporation, the bond rating company, the bond underwriter, its successors and certain individuals. Plaintiffs allege that these defendants violated the federal securities laws, *inter alia*, in connection with the offering of the two classes of bonds.

■ Upon the suggestion of the transferee court, the Panel conditionally remanded *Lenzer* to the Southern District of New York for further proceedings. *See* Rule 11(f), R.P.J.P.M.L., 65 F.R.D. 253, 262 (1975). Only a defendant in that action, Charles W. Barnes, opposes remand. We find that remand of *Lenzer* is appropriate at this time and, accordingly, we order that action remanded to the Southern District of New York for further proceedings.

Judge Bownes has found that because of the pendency of related actions in the state courts of Maine and New York, further pretrial discovery in federal court concerning the Series A bondholders is unnecessary. Therefore, he concluded, *Lenzer*, which concerns only Series B bondholders, will no longer benefit from multidistrict treatment with the three actions concerning only Series A bondholders.

Defendant Barnes requests that *Lenzer* not be remanded until Judge Bownes rules on defendant Barnes' motion to dismiss which is pending in *Lenzer*. We see no reason to delay remand pending the disposition of that motion. It can easily be presented to and determined by the transferor court.

■ The governing statute states that each action transferred by the Panel "shall be remanded by the [P]anel at or before the conclusion of such [coordinated or consolidated] pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a). It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate. Thus, in considering remand of this action, the Panel is greatly influenced by the transferee judge's suggestion that remand of the action is appropriate. *In re Air Crash Disaster Near Dayton, Ohio*, 386 F.Supp. 908, 909 (Jud.Pan.Mult.Lit.1975). Judge Bownes' suggestion that remand of *Lenzer* is appropriate is obviously an expression that he perceives his role under Section 1407 to be completed. We adopt his

---

* Judges Lord and Harper took no part in the consideration or decision of this matter.

recommendation and order remand of *Lenzer.*

IT IS THEREFORE ORDERED that the action entitled *Louis Lenzer, et al. v. Glore Forgan, et al.,* D. Massachusetts, Civil Action No. 74-2641-M be, and the same hereby is, REMANDED to the Southern District of New York.